**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JANAE SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:23-CV-980-X-BH |
| | ) | |
| LOUIS DEJOY, Postmaster General, | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving the defendant within 90 days.

### I. BACKGROUND

On May 4, 2023, the *pro se* plaintiff filed this action against her federal employer and sought leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) After it was determined that she had sufficient funds with which to pay it, the plaintiff paid the filing fee on May 22, 2023. (*See* docs. 8, 11.) On May 23, 2023, the Court issued an order for service of process, which stated:

> Because she paid the fee, the plaintiff is now responsible for serving each defendant with a summons, a copy of the complaint in this case, and a copy of her questionnaire responses, as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If a defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiffs do not file a valid return of service or otherwise show that a defendant was properly served, this action may be dismissed against that defendant.

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

(*See* doc. 11.)  As directed by the order, the Clerk's Office issued summonses that day. (*See* doc. 12.)

By order dated August 8, 2023, the plaintiff was expressly notified that this action was subject to dismissal under Rule 4(m) for failure to file a valid return of service or otherwise show that the defendant had been served within 90 days of the filing of the complaint. (*See* doc. 14.)  She was ordered to file a valid return of service, or show good cause in writing why service could not be made, no later than August 22, 2023. (*See id.*) The order expressly stated that if the plaintiff failed to comply with the order, dismissal of the case would be recommended without further notice. (*See id.*) The plaintiff subsequently filed a motion seeking an unspecified extension of time to serve the defendant, which was granted by order dated August 21, 2023, and she was given an additional 30 days to serve the defendant.  (*See* docs. 15, 17.) The order expressly stated that if the plaintiff failed to serve the defendant, dismissal of the case would be recommended without further notice. (*See id.*) Her motion for service by the United States Marshal, dated August 17, 2023, was denied.  (*See* docs. 16, 18.)

After the 30-day extension of time to serve the defendant had expired, on September 26, 2023, the plaintiff was again expressly notified that this action was subject to dismissal for failure to file a valid return of service or otherwise show that the defendant had been served. (*See* doc. 19.) She was again ordered to file a valid return of service, or show good cause in writing why service could not be made, no later than October 10, 2023. (*See id.*) The order expressly stated that if the plaintiff failed to comply with the order, dismissal of the case would be recommended without further notice. (*See id.*) On October 10, 2023, the plaintiff requested another extension of time, representing that she had found a company to serve the defendant by October 26, 2023.  (*See* doc.

20.) By order dated October 11, 2023, she was given a final opportunity to serve the defendant by November 1, 2023. (*See* doc. 21.) As of this date, the plaintiff has still not filed a valid return of service for the defendant or shown good cause for her failure to serve him.

## II.  RULE 4(m)

Because she paid the filing fee, the plaintiff was responsible for serving the defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. She was required to make proper service within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). She was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not effected by a United States marshal or deputy marshal. *Id.*

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause.

*Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, more than six months have passed since the plaintiff filed this action, but she has still not accomplished service despite being specifically advised of her duty to effect service. She has failed to file a valid return of service on the defendant or met her burden to show cause for her failure to serve him. Given two prior extensions of time to accomplish service, she has not shown anything that supports the exercise of discretion to provide more time. Accordingly, no further extension of time is required, and dismissal of the action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

### III.  RECOMMENDATION

The plaintiff's claims should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving the defendant within 90 days, and judgment should be entered unless the plaintiff files a valid proof of service for the defendant within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 13th day of November, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE